# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 25-MJ-75 (GMH)** |
| | : | |
| **ALONZO HINNANT** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that Defendant Alonzo HINNANT ("HINNANT") be detained pending trial pursuant to 18 U.S.C. §§ 3142(f)(1)(B), 3142(f)(1)(C), and 3142(f)(1)(E). The United States requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## PROCEDURAL HISTORY AND RELEVANT FACTS

### *March 4, 2025*

On March 4, 2025, a Metropolitan Police Department Inspector applied for and received D.C. Superior Court Search Warrant 2025 CSWLD 00787.  That warrant authorized the search of 4313 Wheeler Road, Southeast, Apartment 103 (hereinafter "Apartment 103").  As outlined in the affidavit in support of that warrant, the Inspector's investigation of Apartment 103 led him to believe that it was being used as a location where drugs were stored and sold, commonly known as a "trap."  The Inspector noted that, in his experience, it is common for firearms to be stored in "traps" in order to protect drugs and the proceeds of drug sales from robbery.

MPD officers executed that warrant at approximately 5:23 p.m.  The Officers knocked and announced themselves as police with a warrant and then made entry into the apartment. When officers entered the apartment, they observed HINNANT standing in the living room area directly next to a couch.  The couch itself had its back facing a wall, but it had been pulled slightly away from the wall. A security sweep of Apartment 103 revealed no other individuals present inside.

After conducting the security sweep, Officers proceeded to conduct a search. During the search, Officers discovered a black in color handgun in the area between the couch and the wall directly adjacent to where HINNANT had been standing when the Officers entered the apartment. The handgun was later determined to be a Glock, Model 23, .40 caliber semiautomatic handgun.  The Glock 23 was loaded with one round of ammunition in the chamber and fourteen rounds in the magazine.



During their search of the residence, Officers also recovered additional magazines and ammunition in handgun calibers other than .40 caliber – indicating that other firearms had been present in Apartment 103 at a prior time.  Officers also recovered a digital scale covered in white powdery residue consistent with drug distribution, as well as 100 suboxone strips, three cellular telephones, and numerous plastic bags containing apparent narcotics packaged for distribution.



***DEA Testing of the Narcotics Seized on March 4, 2025***

The seized narcotics were transported to the DEA lab for testing, which revealed that the plastic bags seized from Apartment 103 contained the following substances and amounts.

| | |
|---|---|
| Cocaine Base | 25.142 grams |
| Fentanyl N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide (Schedule 1) | 5.49 grams |
| Methyl Fentanyl[1] N-(2-Methylphenyl)-N-(1-phenethylpiperidin—4-yl)propionamide | 5.44 grams |

---

[1] Methyl Fentanyl is a Fentanyl analogue which, like Fentanyl, is a Schedule I Controlled Substance

### *Search Warrant 25-SW-54*

On March 7, 2025, United States Magistrate Judge Moxila A. Upadhyaya signed Search Warrant 25-SW-54, authorizing the search of three cellular telephones seized during the search of Apartment 103. One of those phones was an Apple iPhone 11 Pro Max (hereinafter "the Cuttaaa Phone") which was utilized by HINNANT.  As identified in the digital extraction the Apple ID for that phone is "Cuttaaaa@icloud.com."

| Phone - Full File System | |
|---|---|
| AirDrop ID | 4ca191bab751 |
| Apple ID | cuttaaa@icloud.com |
| Bluetooth device address | 7C:A1:AE:84:6D:31 |
| Detected Phone Model | iPhone 11 Pro Max |
| Detected Phone Model Identifier | iPhone12,5 |
| Device Name | iPhone |

"Cuttaaa" is a known street nickname utilized by HINNANT. In addition to referencing that nickname in his iCloud account, HINNANT referenced it in both of his Instagram accounts which bear the vanity names "darealCuttaaa" and "cbfw_Cuttaaa." A picture posted to either account is a picture of Defendant that was posted to Instagram on April 4, 2025.



The digital extraction from the Cuttaaa Phone shows that HINNANT sent numerous digital messages between January and March 2025, in which he identified his location as "4313 Wheeler Road SE."



Further, the location data stored on the Cuttaaa phone shows that it primarily accessed cellular towers in the general vicinity of that same address.



In addition, numerous pictures from inside Apartment 103 were stored to the Cuttaaa Phone. For example, the below photographs were taken from the living room area of Apartment 103 facing the kitchen. Visible in both photographs is the table from which a digital scale covered in white residue and multiple cellular telephones were seized on March 4, 2025. Both photos show, among other things, multiple cellular telephones, a digital scale, white residue, United States currency, and plastic bags which appear to contain a white substance. The metadata shows that these photographs were saved to the Cuttaaa Phone on February 8, 9, and 14, respectively.



Another photograph was taken inside the kitchen of Apartment 103, and shows that Defendant is holding a cellular telephone and making a video call to an unknown person. Visible on the kitchen counter are a black, Glock-style handgun, multiple plastic bags that appear to contain a white substance, and two cellular telephones.



The Cuttaaa Phone also contains evidence of HINNANT's narcotics distribution. For example, the photograph below shows a plastic bag containing apparent cocaine base. Vinyl tile flooring visually consistent with that of Apartment 103 can be seen under the plastic bag.



This photograph was sent by HINNANT to an individual whose phone number was saved under the name "Wavy" in the Cuttaaa Phone.  HINNANT and Wavy exchanged text messages on

February 4 and 5, 2025. During that exchange, HINNANT offered to sell the apparent cocaine base at a lower price than the buyer was paying elsewhere. HINNANT's messages appear in green.



The Cuttaaa Phone also includes numerous photographs of HINNANT holding large sums of United States currency. The following examples are provided for reference, these photographs were saved to the phone on March 17, 2023, January 27, 2025, and Mach 4, 2025.



### *April 29, 2025*

On April 29, 2025, MPD Officers Finn and Griffin were on patrol in Patrol Service Area 706 in a marked MPD cruiser. While on patrol, Officers Finn and Griffin drove into the parking lot adjacent to 832 Barnaby Street, Southeast.[2]  That address is associated with a large, multi-building apartment complex known as the Highland Terrace apartments.  As the officers pulled into the parking lot, they observed multiple individuals congregating around lawn chairs holding plastic cups. The officers observed an open bottle of Sutter Home wine and an open bottle of Don Julio tequila in the individuals' immediate vicinity.  The officers saw observed that one of the men, later identified as HINNANT, discarded his plastic cup immediately upon seeing the marked patrol car.

Officers Finn and Griffin stopped their cruiser, got out, and approached the group.  As they were exiting their cruiser, Officer Griffin saw that HINNANT had a visible, rectangular object in the waistband of his shorts.  The object is visible on Officer Griffin's BWC.



---

[2] 832 Barnaby Street, Southeast, is approximately .3 miles from 4313 Wheeler Road, and Google Maps™ estimates that the two addresses are separated by an eight-minute walk.

Officer Griffin performed a protective pat down and felt what he immediately recognized to be a firearm. Officer Griffin gave the pre-determined codeword for the presence of a firearm and Officers Finn and Griffin detained HINNANT in handcuffs. The rectangular object is also visible in Officer Finn's BWC as he was detaining HINNANT.



After HINNANT was detained, Officer Finn removed a black handgun fitted with an extended, high-capacity magazine from the exact location in the front of HINNANT's shorts where the protruding object was visible.



10

The handgun was later determined to be a Glock, Model 26, 9mm semi-automatic handgun bearing serial number AHBH328. A query of that serial number revealed that the firearm had been reported stolen in Prince George's County, Maryland. The Glock 26 was loaded with 19 rounds of 9mm ammunition in a 31-round capacity magazine when it was seized.



Notably, the digital extraction of the "Cuttaaa Phone" includes a text message from February 2025 where HINNANT indicates that he has a Glock 26 that he wants to trade for a Glock 19. Both Glock models are chambered for 9mm ammunition.



The Highland Terrace Apartments are directly across the street from Early Childhood Academy Public Charter School ("ECAPCS"), public charter elementary school serving students from Pre-K to Third Grade. As shown in the map below, the parking lot of the Highland Terrace Apartments is approximately 500 feet from ECAPCS.



The 800 block of Barnaby Street, Southeast, is clearly marked as a school zone in recognition of ECAPCS. In the picture below, 832 Barnaby Street, Southeast, is to the left of the screen.



## ARGUMENT

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). The parties may proceed by way of proffer and hearsay is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the United States is not required to "spell out in precise detail how the United States will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should neither be a mini trial, nor used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210; Williams, 798 F. Supp. at 36.

### 1.   The United States' Bases for Detention

The United States seeks pretrial detention pursuant to Section 3142(f)(1)(C), because HINNANT is charged in Count One of the Complaint with Possession With Intent to Distribute Cocaine Base and Fentanyl, which carries a maximum penalty of greater than ten years. The United States seeks pretrial detention pursuant to Section 3142(f)(1)(B), because HINNANT is charged in Count Two with Possessing a Firearm in Furtherance of a Drug Trafficking offense, which carries a maximum penalty of life imprisonment.  Finaly, the United States seeks pretrial detention pursuant to Section 3142(f)(1)(E), because HINNANT is charged in Count Three with Unlawful Possession of a Stolen Firearm, which is a felony firearms offense.

Counts One and Two carry a rebuttable presumption in favor of pretrial detention. 18 U.S.C. §§ 3142(e)(3)(A) and (B).  The rebuttable presumption "'operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption.'" Id. at 124-25 (quoting United States v. Alatishe, 768 F.2d 364, 371 (D.C.Cir.1985) (original emphasis); see also United States v. Portes, 786 F.2d 758, 764 (7th Cir.1985) (the

presumption requires the defendant to come "forward with some evidence that he will not flee or endanger the community if released") (internal quotation and citation omitted)). As this Court has held, the defendant must present <u>evidence</u> to rebut the presumption. <u>United States v. Lee</u>, 195 F. Supp. 3d 120, 124, 125 (D.D.C. 2016).

Moreover, even if HINNANT presents evidence to rebut the presumption, the presumption does not disappear entirely. <u>Id</u>. at 125 (citing <u>United States v. Ali</u>, 793 F. Supp. 2d 386, 388 n.2 (D.D.C. 2011) (noting that the Bail Reform Act requires the Court to consider the rebuttable presumption as a factor even if the Defendant "produces credible evidence" to rebut it); <u>United States v. Bess</u>, 678 F. Supp. 929, 934 (D.D.C. 1988) ("[The presumption] is incorporated into the § 3142(g) factors considered by the court when determining whether conditions of release can be fashioned or whether the defendant must be detained pretrial.")) The rebuttable presumption remains as a factor that must be considered by the Court, because it "'<u>reflects</u> <u>Congress's</u> <u>substantive</u> <u>judgment</u> <u>that</u> <u>particular</u> <u>classes</u> <u>of</u> <u>offenders</u> <u>should</u> <u>ordinarily</u> <u>be</u> <u>detained</u> <u>prior</u> <u>to</u> <u>trial</u>.'" <u>Id</u>. (quoting <u>United States v. Stone</u>, 608 F.3d 939, 945-46 (6th Cir. 2010)) (emphasis added).

**2.**    **The Bail Reform Act Factors All Favor Detention Given HINNANT's Risk of Dangerousness to the Community**

As the Court is aware, 18 U.S.C. § 3142(g) enumerates four factors that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. Each of these factors weighs in favor of pretrial detention in this case.

**A.**    **The Nature and Circumstances of the Offenses Weigh in Favor of Detention**

The Nature and Circumstances of the charged offenses weigh heavily in favor of pretrial detention in this case. This Court does not need a reminder from the United States of the dangers

14

inherent in armed drug trafficking — particularly related to substances containing Fentanyl – in the District of Columbia.  Here, HINNANT was arrested inside a trap house from which a loaded firearm was seized along with 25 grams of cocaine base and more than 10 grams of a Fentanyl/Fentanyl Analogue.  Less than two months later HINNANT was arrested again with another loaded handgun, this one having previously been reported stolen.

**B.**      **The Weight of the Evidence Against the HINNANT Favors Pretrial Detention**

The evidence of HINNANT's guilt is incredibly strong.  He was the sole occupant of Apartment 103 and was, at a minimum, in constructive possession of the firearm and narcotics seized from that location. His cellular phone, which was also searched pursuant to a judicially authorized warrant, confirms his participation in the distribution of narcotics from that very location.  HINNANT was then arrested 56 days later with a loaded, stolen handgun in his waistband.

**C.**      **HINNANT's History and Characteristics Weigh in Favor of Detention**

The United States submits that this factor also weighs in favor of detention, albeit to a lesser degree than the other factors. As noted in the Pretrial Service Agency's report, HINNANT does not have any felony convictions.  His conviction for Attempted Carrying a Pistol Without a License in D.C. Superior Court Case Number 2020 CF2 4007 was the result of a plea to the misdemeanor lesser-included offense.

The Pretrial Services Agency's report includes references to two Domestic Violence arrests in Santa Ana, California, in 2023 and 2024, with an unknown disposition.  Undersigned counsel has not been able to determine a disposition of that offense, but the Cuttaaa Phone contains a text message HINNANT does refer to having been "locked up" for 14 months.  The date of the text messages is consistent with HINNANT having been "locked up" for more than a year on the California charges.



HINNANT had previously been charged in D.C. Superior Court Case Number 2020 CF2 3777 with Possession With Intent to Distribute Marijuana While Armed, Carrying a Pistol Without a License, and Possessing a Firearm During a Drug Trafficking Offense following his arrest with approximately one pound of marijuana and a loaded firearm at 828 Barnaby Street, Southeast – which is also part of the Highland Terrace Apartments. Defendant entered a plea to felony Carrying a Pistol Without a License, but his motion to withdraw that plea was granted and the case was dismissed.

HINNANT accumulated numerous additional arrests in multiple jurisdictions which did not result in the filing of charges, including: Possession of Unregistered Ammunition, (D.C., 2002), Possession With Intent to Distribute and Unlawful Entry (D.C. 2020), Distribution of a Controlled Substance While Armed, Illegal Possession of a Firearm, and Possession With Intent to Distribute Marijuana and PCP (Prince George's County, Maryland, 2018), Robbery (Fairfax County, Virginia 2017).

**D.    The Danger to the Community Created by HINNANT's Release Weighs in Favor of Detention**

The D.C. Circuit has noted that "'[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community,'" pretrial detention is available to "'disable the arrestee from executing that threat.'"

United States v. Munchel, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (quoting United States v. Salerno, 481 U.S. 739, 755 (1987)). This requires the Court to make a "forward looking determination" about the Defendant's risk of danger to the community, keeping in mind that detention may be justified even if the Court does not explicitly find that Defendant is a risk of committing acts of violence. United States v. Hale-Cusanelli, 3 F.4th 449, 456 (D.C. Cir. 2021) (citing Munchel, 991 F.3d at 1283). HINNANT poses an obvious and articulable threat to the community. Specifically, the threat posed by HINNANT is that he will continue to engage in the distribution and possession with intent to distribute dangerous and highly addictive narcotics while armed with a firearm.

## CONCLUSION

HINNANT is eligible for pretrial detention, and his charges carry a rebuttable presumption in favor of pretrial detention. Even if HINNANT could present sufficient evidence to rebut the presumption, all four of the Bail Reform Act factors weigh in favor of pretrial detention and Defendant poses a substantial risk of dangerousness to the community if he is released pending trial in this case.

WHEREFORE, the United States respectfully requests that the Court issue an Order granting the United States' motion that the defendant be held without bond pending trial.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney
D.C. Bar No. 481866

By:    /s/  James B. Nelson
JAMES B. NELSON
D.C. Bar No. 1613700
Assistant United States Attorney
Federal Major Crimes Section
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@usdoj.gov